**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4535**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLAYTON LAQUINTON RAND,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:04-cr-00131-WO-1)

Submitted:  January 22, 2019                          Decided:  January 24, 2019

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clayton Laquinton Rand appeals the sentence of 14 months plus 242 days' imprisonment imposed upon the revocation of his supervised release. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning the reasonableness of Rand's sentence. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court sufficiently explains the sentence after considering the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors. *See* 18 U.S.C. § 3583(e) (2012); *see also United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *Thompson*, 595 F.3d at 546-47. "And a revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (alteration and internal quotation marks omitted).

We conclude that the district court's explanation of Rand's above-range sentence, discussing the need for deterrence and public safety in light of Rand's repeated

2

noncompliance with the terms of his supervised release, easily satisfies this standard. Furthermore, we conclude that an upward variance of 242 days above the top of the applicable policy statement range is not unreasonable. *See, e.g.*, *United States v. Diosdado-Star*, 630 F.3d 359, 362, 367 (4th Cir. 2011).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Rand, in writing, of the right to petition the Supreme Court of the United States for further review. If Rand requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rand.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*